ARCHIE F. DAMON *v.* HINCKLEY FIBRE CO.

May Term, 1923.

Present: WATSON, C. J., POWERS, TAYLOR, SLACK, and BUTLER, JJ.

Opinion filed June 2, 1923.

*Principal and Agent—Authority of General Agent—Contract— Approval—Waiver of Provision Relating to Persons Required to Approve Contract—Harmless Error—Exceptions Not Briefed.*

1. The authority of a general agent to bind his principal, being as much as it appears to be, and *prima facie* coextensive with the business entrusted to his care, may not be cut down by limitations unknown to a person with whom he deals.

2. The provision in a contract that it was subject to the approval of an executive officer of the company which was a party thereto, and that it was not binding until so approved, being for the company's benefit, could be waived or modified at its pleasure.

3. In an action on such a contract for cutting and delivering pulpwood, *held* that the evidence justified the jury in finding that defendant's local manager had authority to bind the defendant company by his approval of the contract, and that the company had approved the contract.

4. In an action on a contract where the agent who approved the contract for the defendant had testified that he had authority so to do, error in permitting the plaintiff to testify concerning declarations of the agent to the same effect, made at the time the contract was executed, was harmless, no claim being made that such evidence was prejudicial to the defendant.

5. After hearing had been closed in a case pending in Supreme Court, it was wholly improper and unavailing for counsel for the excepting party to send a written communication to the Court stating that, though exceptions to the charge were not briefed, they desired to insist upon them; for exceptions not briefed are waived, and rehearings are not granted to allow new points to be presented.

ACTION OF CONTRACT on a written contract under which plaintiff was to cut and deliver certain pulpwood. Plea, the general issue. Trial by jury at the October Term, 1922, Essex County, *Willcox*, J., presiding. Verdict and judgment for the plaintiff. The defendant excepted. The opinion states the case. *Affirmed.*

*Amey & Cameron* for the defendant.

Declarations of an alleged agent made to a third person, in the absence of the alleged principal, which were not brought to his knowledge or ratified by him, and not supported by other evidence, are not competent against the alleged principal to prove the fact of agency or the scope thereof. *Taplin* v. *Harris*, 88 Vt. 15, 90 Atl. 956; *First National Bank of Montpelier* v. *Bertoli*, 87 Vt. 297, 89 Atl. 359; *Prouty* v. *Nichols*, 82 Vt. 181, 72 Atl. 988; *Sias* v. *Consolidated Light Co.*, 73 Vt. 35, 50 Atl. 554; *Dickerman* v. *Quincy Mut. Fire Ins. Co.*, 67 Vt. 609, 32 Atl. 489; *Woodworth* v. *School Dist. No. 2, Stevens Co.*, 92 Wash. 456.

*C. R. Powell* and *Searles & Graves* for the plaintiff.

The authority of an agent is enlarged by implication as to third persons if the principal allows him to act beyond his authority without objection. *Keyes & Co.* v. *Union Pacific Co.*, 81 Vt. 420, 428; *Douglas & Varnum* v. *Morrisville*, 89 Vt. 393, 445.

POWERS, J.   This is an action of contract wherein the plaintiff claims a balance due on account and damages for the breach of a contract under which he was to cut and deliver a certain quantity of pulpwood from the defendant's stumpage site. The contract was in writing and contained a provision, known to the plaintiff, that it was "subject to approval of an executive officer of the Hinckley Fibre Company, at its office in Hinckley, N. Y., and shall not be binding on said company until so approved." It was made on a blank form furnished by the defendant to A. J. Applebee, its sole resident manager. At its lower right-hand corner was what purported to be an approval as follows:

"*Approved* April 4, 1921
*Hinckley Fibre Company*
*Per* A. J. Applebee, *Manager.*"

So much of this approval as is here italicised was printed; the rest was in the handwriting of Applebee. That the defendant prevented the plaintiff from carrying out the provisions of this writing was admitted; but it was and is insisted that the instrument was never approved as provided therein, and therefore never became binding upon it. The evidence disclosed that this writing was executed in triplicate. One copy was given to the plaintiff, one kept by Applebee, and the third sent by him to the defendant. The latter retained this copy and never in any way communicated its approval or disapproval to Applebee or the plaintiff. The contract was made, executed, approved, and sent to the defendant as other contracts of the same character had been, and the latter were retained by the defendant without expressing its approval but were treated as in force by the acceptance of the pulpwood delivered under them and payment therefor according to their terms. It is to be observed that the contract does not provide the manner in which the approval shall be made or how it shall be evidenced. So anything that amounts to an approval, be it oral or written, express or implied, will answer its requirements.

[1]   That, on the evidence, Applebee was a general agent of the defendant cannot seriously be denied. His authority to bind the defendant was as much as it appeared to be. It was, *prima facie,* coextensive with the business entrusted to his care, and is not to be cut down by limitations unknown to a person with whom he dealt. *Chase* v. *Robinson,* 86 Vt. 240, 84 Atl. 867.

[2]   The provision for an approval of this contract, being known to the plaintiff, was binding upon him, unless waived or complied with. But being inserted in the contract for the defendant's benefit, it could be waived or modified at its pleasure.

[3]   Some slight evidence that Applebee had been authorized to approve this contract is found in the printed word "Manager" on the form furnished by the defendant. Then, too, the defendant had allowed Applebee to so execute and approve contracts of this character and had carried them out without protest, and by this course of conduct had by implication enlarged his authority to that extent—or at least had furnished evidence warranting an inference to that effect. Not only this, but Applebee testified that he had authority to approve such contracts in this way.

On this evidence the jury was well justified in finding that the contract was binding from its date.

Moreover, the defendant's silence after it received the copy of the contract sent to it, taken with its conduct with regard to the previous contracts referred to, afforded a sufficient basis for the conclusions that this contract had its approval; that it had come to be its method of ratification to retain the contract without comment. And it is significant that no one from the home office, either in person or by deposition, speaks in denial or explanation.

[4] The plaintiff was allowed to testify that at the time he signed the contract, Applebee told him he had authority to approve it. To this the defendant excepted, and now insists that it is not competent to prove agency or its scope by the declarations of the alleged agent. But Applebee had testified that he had such authority, and it is not suggested in the brief that the evidence excepted to was prejudicial to the defendant. In these circumstances, it will be taken that the error was harmless.

[5] After the hearing before us was closed, we received a written communication from the defendant's counsel to the effect that though their exceptions to the charge were not briefed, they desired to insist upon them. Such procedure is wholly improper and unavailing. Exceptions not briefed are treated as waived, and we do not grant re-hearings to allow new points to be presented.

*Judgment affirmed.*